**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-

---

**ADAM CASILLAS,**

      Plaintiff,

**v.**

**TOWN OF AGUILAR,**

      Defendant.

---

### COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff Adam Casillas ("Plaintiff"), and for his Complaint against Defendant Town of Aguilar ("Defendant" or "the Town"), alleges the following:

### Introduction

1.     This is an action for damages to redress violations of the First Amendment, 42 U.S.C. § 1983, and the Colorado Lawful Off-Duty Activities Statute. C.R.S. § 24-34-402.5. Plaintiff claims he was subjected to retaliatory discharge in violation of his First Amendment rights and the Colorado Lawful, Off-Duty Activities Statute.

### Jurisdiction

2.     The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331.

**Venue**

3.      The unlawful employment actions described below were committed in the State of Colorado. Venue is therefore proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

**Parties**

4.      Plaintiff Adam Casillas is a resident of Colorado Springs, El Paso County, Colorado and was employed with the Town of Aguilar from October 2020 through March 23, 2023.

5.      Defendant Town of Aguilar is a government entity located in Las Animas County, Colorado that employs less than 15 employees.

**General Allegations**

6.      Paragraphs 1 through 5 are incorporated herein.

7.      Plaintiff was employed with the Town of Aguilar as the Building Inspector, Code Enforcement Officer, and Emergency Management Coordinator earning $13.53 per hour.

8.      Plaintiff's primary duties in these roles were to review all relevant regulations and guidelines, ensure compliance with the Town's municipal ordinances, ensure that construction projects complied with all required standards, disseminate vital information such as fire safety and other emergency protocols, and share updates and instructions during emergencies.

9.      Plaintiff performed his duties satisfactorily. The Town of Aguilar never disciplined Plaintiff for his performance either orally or in writing, and throughout his tenure, Plaintiff regularly received positive appraisals and was recognized for the quality of his work.

10.     On March 21, 2023, Plaintiff participated in an online forum hosted by YouTube user Thomas Bunker, whose YouTube channel is named "Good Citizen Media."

11.     Mr. Bunker regularly hosts online forums for participants to discuss issues of public interest and, specifically, issues that impact the residents of Las Animas County.

13.     On March 21, 2023, Mr. Bunker sent Plaintiff a link to participate in the forum as a panel member.

14.     Before March 21, 2023 other Town employees and officers had appeared on Mr. Bunker's livestreams, including, but not limited to, two members of the Town's Board of Trustees and the Town Administrator.

15.     During the March 21, 2023 forum, individuals were complaining about a Town ordinance that was adopted in 1995.

16.     In response, Plaintiff reminded individuals of their ability to raise their concerns with the Town's Board of Trustees and to use the democratic process to make their voices heard.

17.     In addition, Plaintiff responded to a complaint about Town employees. The complainant suggested that Town employees were lazy and did not earn their

paychecks. Plaintiff rebutted this statement by stating, among other things, that many essential employee functions are performed behind closed doors and outside the view of citizens.

14.    At no time during the March 21, 2023 forum did Plaintiff make any negative or derogatory statements about the Town, its officers, or its employees.

15.    During the forum, Plaintiff reminded viewers of their ability to participate in local government and defended the work of his colleagues.

16.    On March 23, 2023, the Town's Board of Trustees voted to terminate Plaintiff's employment because of the statements Plaintiff made during the March 21, 2023 forum.

**First Cause of Action**
**(First Amendment Retaliation,**
**42 U.S.C. § 1983)**

17.    Plaintiff realleges and incorporates each and every paragraph as though fully set forth herein.

18.    The "First Amendment bars retaliation for protected speech." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). Citizens working for public employers do not sacrifice their First Amendment rights to free speech. *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1958 (U.S. 2006) ("The First Amendment limits the ability of a public employer to leverage the employment relationship to restrict, incidentally or intentionally, the liberties employees enjoy in their capacities as private citizens.").

19.    When Plaintiff participated in the March 21, 2023 online form, he was speaking as a private citizen rather than as a pubic employee.

20.     Plaintiff's job duties as the Building Inspector, Code Enforcement Officer, and Emergency Management Coordinator did not include advising citizens to participate in local government or defending the work of his colleagues.

21.     Plaintiff's speech about social or political issues was not made pursuant to his official duties.

22.     Plaintiff's statements during the March 21, 2023 online forum were on matters of "political [or] social concern to the community" that are "subject[s] of legitimate new interest." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011).

23.     Plaintiff's speech was therefore a matter of public concern.

24.     The Town terminated Plaintiff's employment to prevent commentary on political and social issues.

25.     No disruption of Town services occurred as a result of Plaintiff's speech.

26.     Plaintiff's free speech interests outweigh the Town's interests in promoting the efficiency of public service.

27.      The Town terminated Plaintiff's employment just two days after the March 21, 2023 forum, specifically citing Plaintiff's participation in the forum as the reason for his removal.

28.     The Town gave no other reason for terminating Plaintiff's employment other than his participation in the forum.

29.     The Town's retaliatory actions have violated Plaintiff's First Amendment rights.

**Second Cause of Action**
**(Violation of the Colorado Lawful, Off-Duty Activities Statute,**
**C.R.S. § 24-34-402.5)**

30.     Plaintiff realleges and incorporates each and every allegation as though fully set forth herein.

31.     The Colorado Lawful Off-Duty Activities Statute prohibits an employer from terminating the employment of any employee because of that employee's lawful activities outside of work. C.R.S. § 24-34-402.5(1). *See Watson v. Pub. Serb. Co.*, 207 P.3d 860, 864 (Colo. App. 2008) ("The statute prohibits an employer from terminating an employee because the employee engaged in 'any activity off the premises of the employer during nonworking hours …' 'Any' means 'all'").

32.     The Town of Aguilar is an employer subject to the statute.

33.     Plaintiff's above-described participation in the March 21, 2023 online forum is the type of lawful activity protected by the statute.

34.     Plaintiff's participation in the forum was conducted off the Town's premises during nonworking hours.

35.     Plaintiff's participation in the forum did not relate to any bona fide occupational qualification of his employment with the Town.

36.     Plaintiff's participation in the forum did not relate to any of his on-the-job activities.

37.     Plaintiff's participation in the forum did not create any actual or potential conflict of interest with his job responsibilities to the Town.

38.     The Town terminated Plaintiff's employment because of his participation in the forum.

39.     The Town thereby violated Plaintiff's rights under the statute.

40.     The statute authorizes Plaintiff to bring this civil action for damages. C.R.S. § 24-34-402.5(2)(a).

41.     As a direct and proximate result of the Town's conduct, Plaintiff has suffered damages, entitling him to the recovery of damages, in amounts to be proven at trial, costs, and attorney fees.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54, C.R.S. § 24-34-402.5, & Colo. R. Civ. P. 54:

a.     For judgment in Plaintiff's favor and against Defendant;

b.     Nominal damages;

c.     Reinstatement and back pay, including loss of benefits, or front pay in lieu of reinstatement;

d.     Non-pecuniary and compensatory damages, including damages for emotional distress and consequential damages;

e.     Pre- and post-judgment interest at the highest rates allowed by law;

f.     Costs and reasonable attorney fees; and

g.     All other legal or equitable relief to which Plaintiff is entitled.

## Jury Demand

**Plaintiff requests this matter be tried by a jury.**

Respectfully submitted this 13th day of November 2023.

LAW OFFICES OF GREGORY E. GIVENS,
P.C.

*Is/ Gregory E. Givens*
Gregory E. Givens, #41810
18 N. Sierra Madre Street, Suite E
Colorado Springs, CO 80903
Telephone: 719-291-4353
gegivens@hotmail.com
*Attorneys for Plaintiff*
*Adam Casillas*